IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KAREEM MASSAL,**<br><br>     **Plaintiff,**<br><br>v.<br><br>**IDOC, and**<br>**STAFF,**<br><br>     **Defendants.** | Case No. 22-cv-01029-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

  Plaintiff Kareem Massal, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for the deprivations of his constitutional rights. This case is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## DISCUSSION

  The Complaint will be dismissed without prejudice for failing to comport with Federal Rule of Civil Procedure 8. Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of the requirement is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren,* 658 F.3d 792, 797 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

The allegations in the Complaint are difficult to read, and the Court is unable to decipher Massal's claims. (Doc. 1, p. 2). He appears to take issue with a disciplinary ticket and the subsequent disciplinary hearing. However, he requests an appeal of the plea deal in his "first case." (*Id.* at p. 4). It is not clear if Massal is claiming his rights were violated in connection with an administrative or criminal proceeding.

Massal has also not identified a viable defendant. In the case caption, he names IDOC State and Menard Staff as parties. IDOC is not a "person" subject to suit for money damages under Section 1983. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Neither can a state agency be sued for prospective injunctive relief in federal court. *See Quick v. Ill. Dep't of Fin. & Prof'l Regulation,* 468 F. Supp. 3d 1001, 1009 (N.D. Ill. June 23, 2020) (collecting cases). Furthermore, it is not sufficient for Massal to assert that a group of staff violated his constitutional rights. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (finding the phrase "one or more of the Defendants" did not adequately connect specific defendants to illegal acts, and thus failed to adequately plead personal involvement); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (finding that a complaint must describe "more than a sheer possibility that a defendant has acted unlawfully").

Absent legible allegations describing what individuals, who are listed in the case caption as defendants, did or failed to do in violation of Massal's constitutional rights, the Complaint cannot proceed and must be dismissed without prejudice for failure to state a claim. If he wishes to pursue his claims, Massal must file an amended complaint describing how each defendant violated his rights, keeping in mind that in Section 1983 actions, there is no supervisory liability. To be held individually liable a defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Massal is advised that while he may use "John Doe" designation to refer to specific individual whose names are unknown, he must still

make allegations against each individual (for example John Doe 1 did X and John Doe 2 did Y). He should explain what each defendant, named in the case caption, did or failed to do, in response.

## DISPOSITION

For the reasons set forth above, the Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim for relief. The motion for status (Doc. 21) is **DENIED as moot** in light of this Order.

Massal is **GRANTED** leave to file a "First Amended Complaint" on or before **December 5, 2022.** Should Massal fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to state a claim, failure to comply with a court order, and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

It is strongly recommended that Massal use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 22-cv-01029-SPM). To enable him to comply with this Order, the **CLERK** is **DIRECTED** to mail Massal a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Massal must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Massal is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days

after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   November 7, 2022**

                                                     *s/Stephen P. McGlynn*
                                               **STEPHEN P. MCGLYNN**
                                               **United States District Judge**