IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KAREEM MASSAL,**
**#R72207,**

        **Plaintiff,**      Case No. 22-cv-01029-SPM

v.

**IDOC,**
**STAFF, and**
**FEDERAL COURT PEOPLE,**

        **Defendants.**

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    Plaintiff Kareem Massal, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for the deprivations of his constitutional rights. This case is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Any portion of the First Amended Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### DISCUSSION

    The Court dismissed Massal's original Complaint for failure to state a claim, and Massal was granted leave to amend. (*See* Doc. 22). Unfortunately, Massal's First Amended Complaint suffers from the same issues, and he has failed to plead a viable claim. To survive screening, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8, and contain "enough facts to state a claim to relief that is

plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Massal has not filed a complaint that meets these basic requirements. The pleading is largely unreadable, and the Court is unable to discern any allegations describing what individuals did or failed to do in violation of Massal's constitutional rights.[1] Furthermore, Massal again names improper defendants – IDOC, Menard Staff, and Federal Court People. As he was previously instructed, IDOC is not a "person" subject to suit for money damages under Section 1983. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Neither can a state agency be sued for prospective injunctive relief in federal court. *See Quick v. Ill. Dep't of Fin. & Prof'l Regulation*, 468 F. Supp. 3d 1001, 1009 (N.D. Ill. June 23, 2020) (collecting cases). It is also not sufficient for Massal to assert that a group of staff violated his constitutional rights. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (finding the phrase "one or more of the Defendants" did not adequately connect specific defendants to illegal acts, and thus failed to adequately plead personal involvement); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (finding that a complaint must describe "more than a sheer possibility that a defendant has acted unlawfully"). Because Massal has not articulated a plausible federal claim, the First Amended Complaint cannot proceed and must be dismissed.

Given that Massal has disregarded the Court's instructions and has been unable to cure the deficiencies in his pleadings, the Court finds that it would be futile to allow further amendments. The dismissal will be with prejudice, and Massal will not be given another opportunity to file an amended complaint. *See Arreola v. Godinez,* 546 F. 3d 788, 796 (7th Cir. 2008).

### RECRUITMENT OF COUNSEL

As this case is dismissed with prejudice, Massal's requests for court recruited counsel are **DENIED as moot.** (Doc. 23, 24, 28).

---

[1] After filing the First Amended Complaint, Massal filed four letters with the Court. (Doc. 25, 28, 29, 30). These letters are also difficult to read and do not provide any clarity on his claims.

### DISPOSITION

For the reasons stated above, the First Amended Complaint and this entire action are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. The requests for recruitment of counsel are **DENIED as moot.** (Doc. 23, 24, 28).

Massal may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Massal may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly

**IT IS SO ORDERED.**

**DATED: June 1, 2023**

                                *s/Stephen McGlynn*
                                **STEPHEN P. MCGLYNN**
                                **United States District Judge**